RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 11 / 5 / 14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

GHEORGHE DRAGOS                     DOCKET NO. 14-CV-795; SEC. P

VERSUS                              JUDGE DRELL

DHS/ICE, ET AL.                     MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

*Pro* se plaintiff Gheorghe Dragos, proceeding *in forma pauperis*, filed the instant complaint seeking relief under the Federal Torts Claims Act, and either 42 U.S.C. §1983 or <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff is an inmate in the custody of the Department of Homeland Security, presently incarcerated at the Etowah County Detention Center in Gadsden, Alabama. He seeks compensatory damages related to incidents that allegedly occurred in Alexandria, Louisiana. He named as defendants Eric Holder, Field Officer Director Scott Sutterfield, and Unknown Agents of the Federal Bureau of Narcotics.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that, on August 20, 2013, he was transported from LaSalle Detention Center to the airport in Alexandria, Louisiana, along with several other Mexican detainees. He was

placed in an ICE vehicle. Plaintiff alleges that an officer ordered him to exit the van, and Plaintiff failed to comply. Plaintiff alleges that his head was placed on the floor and he was jumped on by the officer. Plaintiff was bleeding from his mouth, when another officer grabbed him and held him and the first officer punched him in the stomach and body, causing Plaintiff's eyeglasses to break. Plaintiff's false teeth were knocked from his mouth, as well. Plaintiff was screaming, so a crowd of people began to gather. The officers then left Plaintiff alone. However, ten to fifteen minutes later, when the crowd dissipated, the officers continued punching Plaintiff. [Doc. #1]

Plaintiff was returned to the LaSalle Detention Center and examined by the doctor. An appointment was scheduled for Plaintiff with a doctor outside of the facility, as well. [Doc. #1]

On January 7, 2014, Plaintiff was transferred from LaSalle to an immigration court in Oakdale, Louisiana, where he was issued a warning for failure to deport. Plaintiff was then transferred to Basile Detention Center. Plaintiff then discovered that his bag containing his legal work was missing. He believes that his property was shipped out with the inmates that were deported on August 20, 2013 from Alexandria, when Plaintiff refused to deport.

### *Law and Analysis*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or

employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are "fanciful,"[1] "fantastic,"[2] and "delusional[3]." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); *accord*

---

[1] Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[2] Id. at 328.

[3] Id.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## 1. Lost Property

Petitioner seeks an award of damages for his property that was deported with Mexican detainees on August 20, 2013. First, to the extent that Plaintiff seeks damages under the FTCA, the only proper defendant is the United States. See Kennedy v. Texas Utilities, 179 F.3d 258, 261 n. 5 (5th Cir. 1999); McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998); Atorie Air, Inc. v. FAA, 942 F.2d 954, 957 (5th Cir. 1991).

The FTCA creates "a limited waiver of sovereign immunity making the United States liable to the same extent as private parties for certain torts of federal employees acting within the scope of their employment." Montoya-Ortiz v. Brown, 154 Fed. Appx. 437, 439-40 (5th Cir.2005)(citing Unites States v. Orleans, 425 U.S. 807, 813 (1976); 28 U.S.C. §1346(b)). However, Title 28 U.S.C. §2680(c) provides that "[t]he provisions of [the FTCA] shall not apply to ... any claim arising in respect of ... the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer...."

The Fifth Circuit has held that §2680(c) is applicable to all claims arising from the detention of goods and merchandise by any federal law enforcement officer in the performance of his or her lawful duties. See Halverson v. United States, 972 F.2d 654, 655 (5th Cir. 1992), cert. denied, 113 S.Ct. 1297 (1993); Chapa v.

United States Department of Justice, 339 F.3d 388 (5th Cir. 2003). Further, the Supreme Court has concluded that the exception applies to the negligent loss or destruction of the property while it is in the possession of law enforcement officers. Plaintiff's claim falls within the scope of the FTCA, but the exception contained in section 2680(c) is applicable. Based on the foregoing, this court lacks jurisdiction to adjudicate Plaintiff's **lost property** claim under the FTCA since, pursuant to 28 U.S.C. §2680(c), the United States retains sovereign immunity with regard to such suits.

Petitioner may contend that his claim arises, not under the FTCA, but rather as a civil rights action filed pursuant to §1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, the Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. See Hudson v. Palmer, 468 U.S. 517, 534-35 (1984); Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. Hudson, 468 U.S. at 534-35. Louisiana law provides Plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. La. Civil Code Article 2315. This provision of state law, which is the general tort provision of

Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated.  See Charbonnet v. Lee, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205 (1992).

2.  **Assault and Battery Under FTCA**

The United States has partially waived its sovereign immunity under the FTCA. §1346(b).  This waiver of immunity pursuant to the FTCA is limited by exceptions, including the intentional-tort exception, which provides that the FTCA does not apply to a claim arising out of an intentional tort listed in §2680(h), including assault and battery.  See 28 U.S.C. §2680(h).  Because Plaintiff's FTCA claim arises out of alleged assault and battery, the Court does not have jurisdiction over Plaintiff's claim under the FTCA.

3.  **Eighth Amendment Violations at Etowah County Detention Center**

Plaintiff complains about the conditions of confinement at Etowah County Detention Center.  In order to challenge conditions of confinement at the Alabama facility, Plaintiff must file suit in the district court that encompasses that facility.

4.  **Excessive Force under Bivens or Section 1983**

Plaintiff names as defendants Eric Holder, Field Officer Director Scott Sutterfield, and Unknown Agents of the Federal Bureau of Narcotics.  Liability under Section 1983 and Bivens cannot be established solely on a theory of respondeat superior. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658,

6

691 (1978). Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Thus, supervisors may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied, 508 U.S. 951 (1993). Plaintiff has not presented such allegations* against Holder or Sutterfield, and his claims against them should be dismissed, with prejudice.

The only defendants against whom Plaintiff has provided factual allegations of deliberate indifference and excessive force are the unknown officers. "Neither the Federal Rules of Civil Procedure nor 42 U.S.C. §1983 provides authority for joining fictitious defendants in this suit." Meyers v. Doe, 2010 WL 2367365 (N.D.Tex. 4/14/10)(citing Vollmer v. Bowles, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D.Tex. Feb. 28, 1997) and Taylor v. Federal Home Loan Bank Bd., 661 F.Supp. 1341, 1350 (N.D.Tex.1986). A plaintiff must identify potential defendants with enough specificity to enable the court to direct service of process. See Staritz v. Valdez, No. 3-06-CV-1926-D, 2007 WL 1498285 at *2 (N.D.Tex. May 21, 2007). Here, Plaintiff was given an opportunity

691 (1978). Because vicarious liability is inapplicable to §1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Thus, supervisors may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied, 508 U.S. 951 (1993). Plaintiff has not presented such allegations* against Holder or Sutterfield, and his claims against them should be dismissed, with prejudice.

The only defendants against whom Plaintiff has provided factual allegations of deliberate indifference and excessive force are the unknown officers. "Neither the Federal Rules of Civil Procedure nor 42 U.S.C. §1983 provides authority for joining fictitious defendants in this suit." Meyers v. Doe, 2010 WL 2367365 (N.D.Tex. 4/14/10)(citing Vollmer v. Bowles, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D.Tex. Feb. 28, 1997) and Taylor v. Federal Home Loan Bank Bd., 661 F.Supp. 1341, 1350 (N.D.Tex.1986). A plaintiff must identify potential defendants with enough specificity to enable the court to direct service of process. See Staritz v. Valdez, No. 3-06-CV-1926-D, 2007 WL 1498285 at *2 (N.D.Tex. May 21, 2007). Here, Plaintiff was given an opportunity

to amend to identify the defendants. However, he has not provided any information that would allow the proper defendants to be served. Because "unknown defendants" cannot be served with process, and Plaintiff has not stated a viable claim against the other defendants, Plaintiff's civil rights claim against unidentified officers should be dismissed without prejudice for failure to identify the defendants with enough specificity to enable service of process.

*Conclusion*

Accepting all of Plaintiff's allegations as true, **IT IS RECOMMENDED** that:

1. Plaintiff's FTCA claims be **DISMISSED for lack of jurisdiction;**

2. Plaintiff's civil rights claim against Sutterfield and Holder be **DENIED AND DISMISSED, WITH PREJUDICE,** pursuant to 28 U.S.C. §1915(e)(2)(b) and §1915A, as it is frivolous and fails to state a claim for which relief can be granted; and

3. Plaintiff's civil rights claim against "Unknown Officers" be **DISMISSED WITHOUT PREJUDICE** for failure to identify the defendants with enough specificity to enable service of process.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being

served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 5th day of November, ~~October,~~ 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE